**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jared Ashcraft,<br><br>Plaintiff<br><br>v.<br><br>First-Citizens Bank & Trust Co., et al.,<br><br>Defendants | Case No.: 2:26-cv-02980-JAD-MDC<br><br>**Order Granting Leave to Amend Complaint Following Transfer and Denying as Moot Reconsideration Motion**<br><br>[ECF Nos. 92, 107, 108] |

This whistleblower and employment-discrimination case was recently transferred from the U.S. District Court for the Central District of California. District Judge Josephine L. Staton initially dismissed pro se plaintiff Jared Ashcraft's complaint on personal-jurisdiction grounds and didn't address the defendants' alternative arguments for dismissal under Federal Rule of Civil Procedure 12(b)(6).[1] Ashcraft moved for reconsideration and Judge Staton granted reconsideration in part, finding that transfer to this district instead of outright dismissal was in the interest of justice under 28 U.S.C. § 1631.[2]

The parties filed separate status reports seeking various forms of relief and guidance from this court. Ashcraft asks for the opportunity to file an amended complaint "to reassess the applicable state-law causes of action, jurisdictional allegations, and related pleading provisions under governing choice-of-law principles."[3] He also contends that discovery is warranted into various issues.[4] For their part, the defendants insist that because the California court "granted [their] motion to dismiss solely on jurisdictional grounds, [their Rule 12(b)(6)] motion is still

---

[1] ECF Nos. 87, 88.

[2] ECF No. 10.

[3] ECF No. 108 at 3.

[4] *Id.* at 4–9.

pending and requires decision before the case should proceed."[5] They oppose Ashcraft's request to amend or to engage in jurisdictional discovery because the California court "already denied both requests and such exercise would be futile."[6] The defendants also ask for a stay of the case and discovery deadlines pending resolution of any pending Rule 12 motions, and ask for instruction related to Ashcraft's use of AI to draft his filings, whether they need to respond to various notices and applications that Ashcraft has been filing, and a "continued order that customer-identifiable information should not be filed publicly going forward" after Judge Staton granted a motion the seal that information.[7]

I find good cause to permit Ashcraft to file a second amended complaint in this case. The transfer has affected what jurisdictional pleadings he must make and could potentially affect what state-law claims he wishes to bring. I find this reset the best path forward to streamline these proceedings. Contrary to the defendant's argument, no motion to dismiss is actively pending in this case—Judge Staton ruled on that motion when she granted it on jurisdictional grounds. And none of Judge Staton's orders suggest that permitting amendment to jurisdictional claims and state-law causes of action would be futile as she neither addressed whether this Nevada court has jurisdiction over the defendants, nor did she address the merits of Ashcraft's claims.

I do not address in detail the parties' other requests for relief at this time. The defendants may file separate motions for a stay, to dismiss, and to seal when appropriate in the lifecycle of this case. And Ashcraft's discovery requests are premature given that I am granting his request

---

[5] ECF No. 107 at 2.

[6] *Id.* at 3.

[7] *Id.* at 4–5.

for leave to amend. To the extent that any of the issues raised in the parties' status reports become live disputes in this case, the parties must file the appropriate motion seeking relief.

The parties are advised to carefully review this district's local rules, available on the court's website, nvd.uscourts.gov. This court adheres to strict rules concerning page limits, deadlines, the types of documents that may be filed, and the form of those documents—among other things—that the parties are expected to follow. Failure to do so may result in the court striking noncompliant documents without prior notice.

The parties are also advised that incidents of fake authority cited in briefs have skyrocketed recently, and the use of generative artificial-intelligence (AI) software like ChatGPT to conduct legal research and write briefs is often to blame. While AI tools can be useful, and this court does not prohibit litigants from using them, those services pull information from across the web—including from unreliable sources—and may hallucinate (or make up fake) legal authority. When an unrepresented litigant or attorney signs any filing before this court, he certifies that "the claims, defenses, and other legal contentions are warranted by existing law."[8] Using AI to research and write briefs may violate this rule if hallucinated or inaccurate legal citations are used to support arguments. Parties must verify that the authorities they cite are accurate and real before presenting them to a court. There may be consequences, including sanctions, for the continued reliance on inaccurate or fake authority in legal briefs.

I also note that ECF No. 92, one of Ashcraft's reconsideration motions, shows as pending on this court's docket. But that motion was resolved by Judge Staton's order denying reconsideration of Ashcraft's sanction motion.[9] So I deny that motion as moot.

---

[8] Fed. R. Civ. P. 11(b)(2).

[9] *See* ECF No. 87.

**Conclusion**

IT IS THEREFORE ORDERED that Ashcraft's motion for reconsideration **[ECF No. 92] is DENIED as moot.**

IT IS FURTHER ORDERED that **Ashcraft must file a second amended complaint by December 9, 2026.** The defendants must file an answer or other responsive pleading by **December 30, 2026**.

U.S. District Judge Jennifer A. Dorsey
November 9, 2026